IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL SANFORD PRINCE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0137 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                                                       **January 22, 2025**

      Plaintiff Darrell Sanford Prince initiated this *pro se* civil action against the United States of America and other governmental defendants by submitting a Complaint, Motion to Proceed *In Forma Pauperis*, and a "Motion for a 3 Judge Panel" to the Court. ECF Nos. 1, 2, 3. In his ninety-three-page Complaint, titled "US Election Anomalies and Unfulfilled Constitutional Mandates 2024 (edited 2020)," Prince describes alleged failures in the federal electoral system that he believes have diluted the votes of the American people since the 2016 presidential election. ECF No. 2 ("Compl."). The Court will grant Prince leave to proceed *in forma pauperis*. For lack of standing, the Court will dismiss his Complaint and deny his motion for a judicial panel.

**I.    FACTUAL ALLEGATIONS**

      Prince filed this civil action based on concerns about election fraud, other perceived election-related improprieties, and alleged foreign influence in the executive branch. He claims his lawsuit is "a necessary correction action to address defects [in national voting]" and to "secure the United States election system . . . from enemies foreign and domestic" with the goal of maintaining a republican system of government and upholding due process. Compl. at 5-6. Prince's Complaint is lengthy and disjointed, containing numerous charts, legal quotes, and alleged data on voting and voting rights in the United States. Its central theme is that "[t]he United States

has acknowledged negligence to Constitutional Apportionment, Executive Authority and Due process" and, accordingly, has violated "the fundamental contract of America." *Id.* at 2.  Among other things, Prince asks this Court to convene a three-judge panel to audit the current electoral system to ensure constitutional compliance and to mandate financial reporting "for all government officials" to avoid foreign interference in government.  *Id.* at 71-73; *see also* ECF No. 3.

## II. STANDARD OF REVIEW

The Court will grant Prince leave to proceed *in forma pauperis* for purposes of this case.  Accordingly, the Court must screen Prince's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims.  *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte.").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

**III.   DISCUSSION**

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citation omitted). In other words, "[a] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) (quoting *Lujan*, 504 U.S. at 560-61).

Since Prince asserts no more than generalized grievances about the functioning of the electoral system and the executive branch, he does not have standing to pursue the claims in his

Complaint.  *See, e.g.*, *Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) ("Even if we assume that the placement of an ineligible candidate on the presidential ballot harmed Berg, that injury, including any frustration Berg felt because others refused to act on his view of the law, was too general for the purposes of Article III:  Berg shared both his interest in proper application of the Constitution and laws, and the objective uncertainty of Obama's possible removal, *pari passu* with all voters; and the relief he sought would have no more directly and tangibly benefited him than the public at large." (internal quotations and alterations omitted)).  Accordingly, the Court will dismiss this case for lack of jurisdiction.  Notably, this is the latest of several cases Prince has filed in the federal courts since 2016 based on alleged election irregularities.[1]  *See Prince v. US Gov't*, 697 F. App'x 134, 135 (3d Cir. 2017) (*per curiam*) (affirming the dismissal of Prince's complaint for lack of standing, noting that "individuals such as Prince lack standing to challenge a President's eligibility to serve"); *Prince v. Kobach*, No. 20-3264, 2020 WL 7485191, at *1 (D.D.C. Nov. 16, 2020) ("To the extent the Court identifies factual allegations in this lengthy and disorganized complaint, plaintiff appears to raise claims pertaining to the presidential election of 2016 and alleged irregularities associated with it.  It is unclear what harm plaintiff himself has sustained because of the election, and insofar as he raises general grievances about the government and its elected officials, he fails to demonstrate standing to sue."), *aff'd*, 848 F. App'x 2 (D.C. Cir. 2021) (*per curiam*); *see also In re Prince*, No. 23-1437, 2023 WL 3034604, at *1 (3d Cir. Apr. 21, 2023) (*per curiam*) (denying Prince's petition for a writ of mandamus, in which Prince requested reopening of his prior election-based cases to "quell public Controversy over the Election of 2020, and 2016, answer certain questions about Legislative Apportionment and Election Mechanics, and

---

[1] Indeed, Prince attempts to incorporate some of these prior filings into the instant lawsuit, as well as assorted Senate and other reports he believes are germane to his case.  (Compl. at 14.)

issue orders for first-priority processing of government records or Agency oversight to aid in investigations" (cleaned up)). Accordingly, Prince is warned that further filings of this sort may result in filing restrictions or sanctions, if appropriate.

### IV.     CONCLUSION

For lack of standing, the Complaint will be dismissed without prejudice in its entirety. *See, e.g.*, *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). Leave to amend will not be granted, because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The "Motion for a 3 Judge Panel" will be denied.

An appropriate order will be entered separately. *See* Fed. R. Civ. P. 58.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.